Moss. Judge,
delivered the opinion of the court:
Plaintiff, Victorino L. Salvador, a native of the Philippine Islands, was appointed to the position of civilian clerk in the office of the department quartermaster, Philippine Department, October 22, 1909, at a salary of $540 per annum. In December, 1919, his compensation was increased to $780 per annum, and still later his designation was changed to clerk-typist, and he has continuously thereafter served in that capacity. On and prior to June 30, 1921, plaintiff was in receipt of the extra compensation or bonus of $240 per annum in addition to his regular salary. On December 15, 1920, the Secretary of War approved a recommendation of the proper military officers in the Philippine Islands for the appointment of a joint wage board, with authority to establish a wage schedule for native employees in the Philippine Islands. Under the schedule as established by said board, the additional compensation or bonus of $240 per annum from and after July 1, 1921, was denied plaintiff, and the salary previously received by him was reduced by that amount. Section 6 of the act of March 3, 1921, providing the additional compensation for the fiscal year ending June 30, 1922, 41 Stat. 1308, 1309, being the first fiscal year here involved, omitting immaterial portions, is as follows:
“ That all civilian employees of the Governments of the United States and the District of Columbia who receive a total of compensation at the rate of $2,500 per annum or less, except as otherwise provided in this section, shall receive *324 during the fiscal year ending June 30, 1922, additional compensation at the rate of $240 per annum:
“ The provisions of this section shall not apply to the following : * * * employees .whose pay is adjustable from time to time through wage boards or similar authority to accord with the commercial rates paid locally for the same class of service.”
Plaintiff comes clearly within the operation of the above provisions, and it seems unnecessary to review in detail the various contentions urged in his behalf.
It is therefore the judgment of the court that plaintiff’s petition be, and the same is hereby, dismissed. And it is so ordered.
Graham, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.